IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KELLI MORNINGSTAR, | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action File ) 4:24-CV-00121-LGW-BWC |
| CITY OF MIDWAY, GEORGIA, | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant City of Midway, Georgia ("City") answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint is subject to dismissal, in whole or in part, for failure to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") are barred because Defendant is not an employer covered by Title VII.

### THIRD DEFENSE

Any claims under Title VII are also barred to the extent that any action on which Plaintiff's claims are based occurred more than 180 days prior to the filing of her administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), occurred after the dismissal of her EEOC Charge, and/or

were not the subject of or were otherwise outside the scope of her administrative charge.

## FOURTH DEFENSE

Defendant has at all times acted in good faith compliance with federal and state laws and has not intentionally or willfully violated Plaintiff's rights in any manner or acted maliciously or with conscious or reckless indifference with regard to Plaintiff or any aspect of her employment.  At no time has Defendant acted with any actual malice or intent to injure or otherwise cause harm to Plaintiff.  As a municipality, Defendant is not subject to punitive damages.

## FIFTH DEFENSE

Any adverse employment action taken by Defendant against Plaintiff was taken for legitimate, non-discriminatory reasons. Additionally, and/or alternatively, even if Plaintiff could show that unlawful discrimination played a motivating part in any adverse employment action taken against her, the same action would have been taken for legitimate, non-discriminatory reasons.

## SIXTH DEFENSE

To the extent any employee, manager, supervisor, director, or officer of the City engaged in any unlawful conduct as alleged in Plaintiff's Complaint, such actions were outside the scope and course of their employment or office and were not in furtherance of City business.

## SEVENTH DEFENSE

Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are subject to

dismissal on the grounds that Plaintiff cannot show any actions taken by the City that deprived, or were intended to deprive, her of her federal constitutional or statutory rights, or that any such actions were taken under color of state law, or that any alleged deprivation of Plaintiff's federal constitutional or statutory rights occurred pursuant to a City policy, practice, or custom.

## EIGHTH DEFENSE

Plaintiff's claims for damages are barred in whole or in part to the extent she has failed to act reasonably to mitigate her damages as required by law.

## NINTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of consent, waiver, release, estoppel, justification, license, laches, unclean hands, after-acquired evidence, and/or additional defenses that may arise during the proceedings.

## TENTH DEFENSE

Plaintiff is not entitled to any of the relief requested – equitable, declaratory, legal, attorneys' fees, or otherwise – against the City; however, to the extent she is entitled to any damages or other relief, which she is not, any such damages or relief are limited to the relief allowable under applicable law.  Specifically, Plaintiff's claims for damages and other monetary relief under Title VII is subject to the limitations imposed by 42 U.S.C. §§ 1981a(a)(1) and (b)(3).

## ELEVENTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

## TWELFTH DEFENSE

Plaintiff cannot demonstrate the existence of an unlawful policy, custom, or practice necessary to support her alleged claim(s) brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendant.

## THIRTEENTH DEFENSE

The City hereby reserves the right to seek leave to amend this Answer or add additional defenses, or to withdraw defenses, as deemed warranted after reasonable opportunity for appropriate discovery.

## ALLEGED PARTIES

1.

Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff is a resident of the U.S. who has resided in Midway, Liberty County, Georgia, and that she is white/Caucasian. Except as specifically admitted herein, Defendant denies the allegation contained in Paragraph 1 of the Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.

Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.

Answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff performed job-related duties at Defendant's location at 41 Charlie Butler Road, Midway, Georgia 31320, within the jurisdictional boundaries and/or city limits of Midway,

Georgia. Except as specifically admitted herein, Defendant denies the allegation contained in Paragraph 4 of the Complaint.

## ALLEGED JURISDICTION AND VENUE

5.

Answering Paragraph 5 of the Complaint, Defendant admits that this Court has jurisdiction over the claims asserted in Plaintiff's Complaint. Except as specifically admitted herein, Defendant denies the allegation contained in Paragraph 5 of the Complaint.

6.

Answering Paragraph 6 of the Complaint, Defendant admits that venue is proper in this District and Division. Except as specifically admitted herein, Defendant denies the allegation contained in Paragraph 6 of the Complaint.

7.

Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.

Answering Paragraph 9 of the Complaint, Defendant admits that Plaintiff filed this Complaint within 90 days of the date the EEOC issued her a Notice of Right to Sue. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## **ALLEGED STATEMENT OF FACTS**

14.

Answering Paragraph 14 of the Complaint, Defendant admits that Plaintiff is Defendant's former Chief of Police. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.

Answering Paragraph 19 of the Complaint, Defendant admits that Plaintiff reported to the Mayor and Council and that usually a councilmember was appointed as a liaison between Council and the police department. Except as specifically admitted herein, Defendant denies the allegation contained in Paragraph 19 of the Complaint.

20.

Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.

Answering Paragraph 21 of the Complaint, Defendant states that Councilmember Stanley Brown was placed as the liaison between the police department and the Council in February 2023. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

Answering Paragraph 23 of the Complaint, Defendant admits that Mr. Brown told Plaintiff that the Punisher logo was associated with hateful rhetoric and therefore its display on an officer's social media page reflected poorly on the City. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Answering Paragraph 25 of the Complaint, Defendant admits that Plaintiff issued a citation for an alleged violation of O.C.G.A. § 40-6-16. Defendant further states that the citation speaks for itself. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

Answering Paragraph 27 of the Complaint, Defendant admits that on or about June 16, 2023, there was an incident involving a police officer tasing a citizen. Defendant further admits that Plaintiff did not inform the mayor of the incident and admits that Plaintiff was admonished for the same. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

Answering Paragraph 28 of the Complaint, Defendant admits that in a City Council meeting about the June 16, 2023 incident, the Mayor stated that it was not necessary to review video footage of an incident in which a citizen was tased. Defendant further admits the officer involved was white. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Answering Paragraph 29 of the Complaint, Defendant admits that Plaintiff was informed of her termination in the City Council meeting in which the June 16, 2023

incident was discussed. Defendant further states that Defendant cannot form an opinion as to Plaintiff's state of mind at the time she was informed of her termination and therefore denies all remaining allegations in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.

Answering Paragraph 33 of the Complaint, Defendant admits that Mayor Clancy had previously attended the police academy and did not graduate. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.

Answering Paragraph 35 of the Complaint, Defendant states that it has previously been made aware of allegations of potential time theft by certain members of the Police Department. Defendant further admits that the allegations did not result in any officer being disciplined. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.

Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

Answering Paragraph 43 of the Complaint, Defendant admits that it instructed the Police Department to clean out a shed behind the Police Department and, after Plaintiff pushed back, Clancy stated "I told you to do it." Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

Answering Paragraph 45 of the Complaint, Defendant admits that it terminated Plaintiff's employment. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

Answering Paragraph 47 of the Complaint, Defendant admits that Mayor Clancy and the four individual members of the City Council comprise Defendant's local governing body and are the decision makers that develop and maintain policies, customs, and practices. Defendant further admits that Plaintiff's employment was terminated consistent with the City's policies and procedures. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.

Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.

Answering Paragraph 49 of the Complaint, Defendant states that these allegations form a legal conclusion and/or recitation of law for which no response is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.

Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of the Complaint.

## COUNT I – ALLEGED RACE DISCRIMINATION UNDER TITLE VII

52.

Answering Paragraph 52 of the Complaint, Defendant restates and incorporates its responses to Paragraphs 1-51 as if fully set forth herein.

53.

Answering Paragraph 53 of the Complaint, Defendant states that these allegations form a recitation of law for which no response is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.

Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.

Answering Paragraph 56 of the Complaint, Defendant states that these allegations form a recitation of law for which no response is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.

Answering Paragraph 57 of the Complaint, Defendant admits that it took an adverse employment action against Plaintiff when it terminated her employment. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph

57 of the Complaint.

58.

Answering Paragraph 58 of the Complaint, Defendant states that these allegations form a legal conclusion for which no response is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.

Defendant admits the allegations contained in Paragraph 60 of the Complaint.

61.

Defendant admits the allegations contained in Paragraph 61 of the Complaint.

62.

Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.

Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.

Defendant denies the allegations contained in Paragraph 64 of the Complaint.

### COUNT II – ALLEGED RACE DISCRIMINATION UNDER U.S.C. § 1981 BROUGHT THROUGH 42 U.S.C. § 1983

65.

Answering Paragraph 65 of the Complaint, Defendant restates and incorporates its responses to Paragraphs 1-64 as if fully set forth herein.

66.

Answering Paragraph 66 of the Complaint, Defendant admits that Plaintiff is white. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.

Answering Paragraph 67 of the Complaint, Defendant states that these allegations form a legal conclusion and/or recitation of law for which no response is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.

Answering Paragraph 68 of the Complaint, Defendant admits that Plaintiff was an at-will employee of Defendant. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.

Answering Paragraph 69 of the Complaint, Defendant states that these allegations form a legal conclusion and/or recitation of law for which no response is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.

Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.

Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.

Answering Paragraph 72 of the Complaint, Defendant states that these allegations form a legal conclusion and/or recitation of law for which no response is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 72 of the Complaint.

## **ALLEGED PRAYER FOR RELIEF**

Answering Paragraphs 1-11 in the Prayer for Relief section of the Complaint, Defendant denies all allegations therein and further denies that Plaintiff is entitled to any of the requested relief or any relief whatsoever. Therefore, Defendant asks that the Court dismiss the Complaint in its entirety with prejudice. Defendant further asks that the Court award Defendant its costs, fees, and any other relief that the Court deems just and proper.

Respectfully submitted this 12th day of August, 2024.

s/ *Patrick L. Lail*
Patrick L. Lail
Georgia Bar No. 431101

ELARBEE, THOMPSON, SAPP &
WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (facsimile)
lail@elarbeethompson.com

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KELLI MORNINGSTAR, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action File |
| v. ) | 4:24-CV-00121-LGW-BWC |
| ) | |
| CITY OF MIDWAY, GEORGIA, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I certify that on August 12, 2024, I electronically filed the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing, constituting service, to the following attorney(s) of record:

Roland Mumford
roland@mumfordlaw.net

s/ *Patrick L. Lail*
Patrick L. Lail
Georgia Bar No. 431101

ELARBEE, THOMPSON, SAPP &
WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (facsimile)
lail@elarbeethompson.com

*Counsel for Defendant*